**YUN FEI LIU, Petitioner,**

v.

**Eric H. HOLDER Jr., United States**

1. We direct the Clerk of Court to amend the official caption as noted.

Attorney General,[1] Respondent.

No. 08-1254-ag.

United States Court of Appeals,
Second Circuit.

March 4, 2009.

Lewis Hu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Kristin A. Moresi, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Yun Fei Lin, a native and citizen of the People's Republic of China, seeks review of the February 20, 2008 order of the BIA affirming the May 9, 2006 decision of Immigration Judge ("IJ") Sandy Hom denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Yun Fei Liu*, No. A95 708 514 (B.I.A. Feb. 20, 2008), *aff'g* No. A95 708 514 (Immig. Ct. N.Y. City May 9, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements it, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). Questions of law and the application of law to undisputed fact are reviewed *de novo*.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

*See Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 222 (B.I.A.1985), *overruled, in part, on other grounds by INS v. Cardoza–Fonseca,* 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *accord Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006). In order to constitute persecution, the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili,* 433 F.3d at 341. The "difference between harassment and persecution is necessarily one of degree that must be decided on a case-by-case basis." *Id.*

Liu does not contend that she suffered a *per se* form of persecution under China's family planning policy (i.e., she did not undergo a forced abortion or sterilization). *See Matter of J–S–,* 24 I. & N. Dec. 520, 527 (B.I.A.2008). Consequently, to establish eligibility for relief, she must show that: "(1) she resisted China's family planning policy, (2) she has been persecuted (or has a well-founded fear of persecution), and (3) the persecution was or would be because of [her] resistance to the policy." *Matter of M–F–W & L–G–,* 24 I. & N. Dec. 633, 637 (B.I.A.2008). Here, the agency did not explicitly state whether Liu's cohabitation constituted "resistance" to the family planning policy. Rather, it found that her claim failed because she (1) did not establish past persecution or a well-founded fear of future persecution, and (2) failed to establish that any harm that she might suffer would be on account of her resistance to the family planning policy.

We find that the agency's determination that Liu has not established past persecution is supported by substantial evidence.

Although Liu was forced to undergo a gynecological exam, there is no evidence that the examination was performed under circumstances sufficiently harmful to rise to the level of persecution. *See id.* at 641. ("[E]xamples of routine acts implementing China's family planning policy that are lacking in harm sufficient to constitute persecution include ... regularly required gynecological exams, and other routine fines and threats for disobeying the policy.").

Additionally, Liu's claim of a well-founded fear of future persecution, based on her stated intention to have children in the future, was not raised before either the IJ or the BIA. Thus, it is not exhausted, and we decline to consider it. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Because the agency's finding that Liu failed to establish past persecution is dispositive of her asylum claim, we need not consider whether any harm she suffered is on account of her "resistance" to the family planning policy. *See, e.g., Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 313 (2d Cir.2007) (en banc).

As Liu has failed to establish eligibility for asylum, she is necessarily unable to meet the higher standard for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Lastly, because Liu failed to challenge the agency's denial of her CAT claim in either her brief to the BIA or her brief to this Court, we deem that claim abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007). For the same reason, we also deem abandoned Liu's claim of religious persecution and fear of future persecution arising from her illegal departure from China. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have com-

pleted our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.